CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 19 2012

JULIA A. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **WILMER JEROME KNIGHT,** | ) | CASE NO. 7:12CV00337 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| **MR. VANOVER, ET AL.,** | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant(s). | ) | |

Wilmer Jerome Knight, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that the defendant prison officials deprived him of personal property items, in violation of his constitutional rights. Upon review of the record, the court summarily dismisses the action under 28 U.S.C. § 1915A(b)(1) as legally and factually frivolous.

I

Knight alleges the following facts relevant to his claims.[1] When Virginia Department of Corrections ("VDOC") officials transferred Knight from Sussex I State Prison to Red Onion State Prison in April 2011, the Red Onion personal property officer, Mullins, received a large box containing Knight's personal property items. Mullins delivered only half of these property items to Knight. Mullins confiscated Knight's color television and adaptor, valued at a total of $151.74, and he and Knight signed a confiscation form. When Mullins asked Knight how he wanted to dispose of this property, Knight gave Mullins his mother's address and a form authorizing a money order for postage. Knight alleges that Mullins did not mail the items to Knight's mother as instructed and did not return them to Knight. Mullins also told Knight that his confiscated commissary items would be placed in storage until Knight's housing status

---

[1] Knight's allegations are scattered among the following submissions: ECF No. 1, 15, and 16.

changed. While Knight was confined at another prison facility for six months, however, the defendant officers who had custody of Knight's stored property items at Red Onion, lost or destroyed them without any authorization by Knight or by prison policy. Knight has been unable to obtain reimbursement or replacements for these items through the prison grievance procedures.

## II

This court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). To state a claim in any federal civil action, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A plaintiff stating a claim under § 1983 must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988).

"[W]here a loss of property is occasioned by a random, unauthorized act by a state employee, rather than by an established state procedure, the state cannot predict when the loss will occur"; therefore, "if a meaningful post-deprivation remedy for [such a] loss is available," the inmate has no constitutional due process claim, regardless of whether the employee's actions were intentional or the result of negligence. Hudson v. Palmer, 468 U.S. 517, 532-33 (1984). The Virginia Tort Claims Act and Virginia tort law provide adequate post-deprivation remedies for negligent or intentional "wrongful acts" committed by state employees. See Wadhams v. Procunier, 772 F.2d 75, 78 (4th Cir. 1985). Knight alleges that the defendant officers, in

2

violation of prison policy and his own instructions, destroyed or lost the confiscated property items. Such an unauthorized deprivation of property falls squarely under Hudson, supra. Inasmuch as Knight possesses tort remedies under Virginia state law, see Va. Code Ann. § 8.01-195.3, he cannot prevail in a constitutional claim for the alleged property loss in this case.

Knight also alleges that deprivation of his property violated his rights under the Eighth Amendment, which prohibits cruel and unusual punishments. To state an Eighth Amendment claim that guards' actions unconstitutionally punished him, an inmate must show that he suffered a deprivation of basic human need was sufficiently serious and that prison officials acted with "culpable state of mind" with regard to that deprivation. See Wilson v. Seiter, 501 U.S. 294, 298 (1991). Although Knight alleges that suffered mental and emotional stress after the loss of his property items, he fails to state any facts demonstrating that the loss constituted a serious deprivation of a basic human need so as to violate the constitution.

For the reasons stated, Knight fails to allege facts stating any plausible constitutional claim related to the loss of his property. Accordingly, the court dismisses Knight's § 1983 complaint without prejudice, pursuant to § 1915A(b)(1), as legally and factually frivolous. Furthermore, the court declines to exercise supplemental jurisdiction over any possible related claim under state law, pursuant to 28 U.S.C. § 1367, and dismisses all such claims without prejudice. An appropriate order will issue this day. The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 19th day of October, 2012.

_____
Chief United States District Judge

3